IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **SRI VARI CRE DEVELOPMENT, LLC,** | ) | Case No. 21-30250 |
| | ) | |
| Debtor. | ) | |

## MOTION OF DEBTOR FOR AUTHORITY TO PAY MANAGEMENT AGREEMENT EXPENSES IN THE ORDINARY COURSE OF BUSINESS

Sri Vari CRE Development, LLC, the above-captioned debtor and debtor-in-possession (the "Debtor"), by this motion (the "Motion"), hereby moves this Court for entry of an order authorizing the Debtor to pay Midas Hospitality, LLC ("Midas") for hotel management expenses in the ordinary course of the Debtor's business pursuant to sections 105(a) and 1108 under title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"). In support of this Motion, the Debtor respectfully states as follows:

### JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief requested herein are sections 105(a) and 1108 of the Bankruptcy Code.

2. No previous request for the relief requested herein has been made to this Court or to any other court.

### BACKGROUND

3. Formed in 2017, the Debtor is a North Carolina limited liability company that owns and operates a Courtyard by Marriott branded hotel located at 8536 Outlets Boulevard in Charlotte, North Carolina.

4.      On April 29, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code in this Court. The Debtor continues in possession of its properties and the management of its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5.      Pursuant to an agreement with Midas (the "Management Agreement"), the Debtor employs Midas, an independent company, to manage the day-to-day operations of its hotel. Among other things, Midas supplies workers that it employs to staff the hotel. Midas pays these employees directly and administers all wage payments, benefits, and associated third-party fees.

6.      In turn, the Debtor is responsible for paying Midas for all expenses associated with the hotel's operations, including all amounts paid by Midas to its employees for staffing the hotel. The Debtor reimburses all expenses associated with Midas's payroll in advance by depositing funds with Midas every two weeks, prior to Midas's remittance of those funds to its employees.

7.      Midas pays its employees who have provided services staffing the Debtor's hotel every two weeks, one week in arrears. Midas will make its next payroll to these employees on May 15, 2021, which the Debtor will fund on May 13, 2021. That payroll will compensate Midas employees for services rendered to the Debtor between April 26 and May 9th, a portion of which period is pre-petition. Nonetheless, the Debtor's liability to reimburse Midas for these expenses will not arise until May 13, which therefore creates a post-petition obligation of the Debtor.

**RELIEF REQUESTED**

8.    Pursuant to this Motion, the Debtor seeks authority under sections 105(a) and 1108 of the Bankruptcy Code to continue to pay Midas for all hotel operating expenses in the ordinary course of business, including reimbursing Midas for operating expenses related to Midas's staffing services pursuant to the management agreement.

**BASIS FOR THE RELIEF REQUESTED**

9.    Sections 1107 and 1108 of the Bankruptcy Code allow the debtor in possession to continue to operate its business. 11 U.S.C. §§ 1107(a) & 1108. These provisions of the Bankruptcy Code have "been consistently interpreted as including the debtor-in-possession's authority to operate the business and to exercise reasonable business judgment with regard to its payments made in the ordinary course of business." *In re Funding Sys. Asset Mgmt. Corp.*, 72 B.R. 87, 88 (Bankr. W.D. Pa. 1987) (citing cases). Debtors in possession may generally continue to conduct all operations and transactions that are in the ordinary course of business without notice or hearing. *Bowers v. Atlanta Motor Speedway (In re Southeast Hotel Props. Ltd. Pshp.)*, 99 F.3d 151, 153 n.3 (4th Cir. 1996).

10.    Courts apply a two-dimensional test to determine whether a transaction is in the ordinary course of a debtor's business operations. *See* 3 COLLIER ON BANKRUPTCY ¶ 363.03[1] (16th ed.). The first, or horizontal, dimension of this test "asks 'whether, from an industry-wide perspective, the transaction is of the sort commonly undertaken by companies in that industry.'" *In re Stiletto Mfg.*, 588 B.R. 762, 769 (Bankr. E.D.N.C. 2018) (quoting *In re Roth Am., Inc.*, 975 F.2d 949, 953 (3d Cir. 1992)). The second "vertical dimension" is concerned with "'whether the transaction subjects a creditor to economic risk of a nature different from those he accepted when

he decided to extend credit.'" *Id*. The vertical dimension focuses "on the debtor's specific business practices and the reasonable expectations of creditors based thereon." *Id*.

11. The Debtor contends that continuing to perform its obligations under the Management Agreement, including funding payroll expenses incurred by Midas in providing staffing of the Debtor's hotel, are ordinary business expenses, as they are transactions of a type typical to the hotel industry and do not expose creditors to any unreasonable economic risk. Nevertheless, the Debtor files this Motion out of an abundance of caution.

12. Moreover, the Debtor's ability to preserve its business and ultimately reorganize will be adversely affected if the company is unable to continue using the staff provided by Midas. It is critical that the hardship caused by this chapter 11 proceeding be minimized to preserve morale and to maintain the workforce on which the Debtor relies. This will, in turn, preserve the value of the estate in the best interests of creditors.

13. The Debtor's request for authority to pay the amounts referenced herein, is not to be deemed an assumption or adoption of the Management Agreement or any other contract or agreement between the Debtor and any other party. The Debtor is in the process of reviewing these matters and reserves all of its rights with respect to the assumption or rejection of any executory contracts.

**NOTICE**

14. The Debtor has given notice of this Motion to (a) the Bankruptcy Administrator for the Western District of North Carolina, (b) the Debtor's twenty (20) largest unsecured creditors, (c) Midas; and (d) those parties requesting notice pursuant to Bankruptcy Rule 2002.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that the Court authorize the continued payment of all hotel operating expenses in the ordinary course of business, including reimbursing Midas for operating expenses related to Midas's staffing services pursuant to the Management Agreement.

Dated: Charlotte, North Carolina
April 30, 2021

**MOON WRIGHT & HOUSTON, PLLC**

*/s/ Richard S. Wright*
Richard S. Wright (Bar No. 24622)
rwright@mwhattorneys.com
Caleb Brown (Bar No. 41131)
cbrown@mwhattorneys.com
121 West Trade Street, Suite 1950
Charlotte, North Carolina 28202
Telephone:    (704) 944-6560
*Counsel for the Debtor*