FILED & JUDGMENT ENTERED
Steven T. Salata

May  3  2021

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

In re: )
) Case No.:    21-30250
SRI VARI CRE DEVELOPMENT LLC, )
) Chapter 11
)
EIN:    82-3075573 )
)
Debtor. )

## CHAPTER 11 OPERATING ORDER

This Order is effective immediately upon entry and is subject to written objection and notice of hearing within 14 days of the date of its entry.

The Debtor in Possession (the "Debtor") is hereby ORDERED to comply with the following, except as otherwise ordered by the Court:

A.   <u>Status Meeting with Bankruptcy Administrator</u>: Upon notice by the Bankruptcy Administrator to the Debtor, the Debtor and Debtor's counsel shall meet with the Bankruptcy Administrator, or her designee, to certify compliance with all provisions of this Order. The Debtor shall supply the Bankruptcy Administrator with any documents or records requested by the Bankruptcy Administrator prior to or at the time of such meeting.

B.   <u>Inspection of Property and Records</u>: The Debtor shall permit the Bankruptcy Administrator or her designee reasonable inspection of its business premises, properties, and books and records.

C.   <u>Books and Records</u>: Effective as of the date the petition was filed (the "Petition Date"), the Debtor shall close its prepetition books and records and open a new postpetition accounting period beginning as of the Petition Date. Regardless of the time of actual closing and opening, the books and records shall be reconciled as of the Petition Date. The books and records shall be kept in accordance with generally accepted accounting principles or other acceptable comprehensive basis of accounting.

D.  Bank Accounts

1.  New Accounts: Immediately upon the Petition Date, but no later than 7 days after entry of this Order, the Debtor is required to close its prepetition bank accounts and open new postpetition bank accounts. Regardless of the time of actual closing and opening, the Debtor's prepetition bank accounts shall be reconciled as of the Petition Date. The new bank accounts shall consist of at least a general account, a tax account, and, at the Debtor's election, a payroll account. The new bank signature cards of these accounts shall clearly indicate that the Debtor is a "Chapter 11 Debtor-In-Possession." The Debtor is only required to make this designation on the signature cards, not on the check stock.

2.  Collateralization of Accounts: The Debtor shall comply with the provisions of 11 U.S.C. § 345 regarding deposit or investment of money of the estate. The Debtor or Debtor's counsel immediately shall inform the Bankruptcy Administrator of the deposit of any funds of the estate in any bank or other financial institution that are either not covered by F.D.I.C. insurance or that exceed the insured amount. The Bankruptcy Administrator shall take appropriate action for the posting of securities or a bond. The Debtor's duties described in this subparagraph 2 are continuing and end only upon entry of an order converting, dismissing, or closing the case.

3.  Tax Account, Deposits, and Filing of Tax Returns:

a) The Debtor shall segregate in a separate bank account all taxes withheld from employees and/or monies collected from others for taxes under any law of the United States or other governmental unit. The Debtor is directed and empowered to pay from such bank account to the appropriate taxing authorities the amounts for postpetition taxes at the times and in the manner prescribed by law. The Debtor shall make timely reports in the manner prescribed by the Internal Revenue Service or other taxing authorities to the extent such reports are required by law. Evidence of payment of taxes and/or deposit of monies for tax payments shall be provided to the Bankruptcy Administrator's Office upon request.

b) The Debtor shall file all tax returns that were delinquent as of the Petition Date within 90 days of entry of this Order unless otherwise provided by law or order of the Court. Debtor shall file all postpetition tax returns and pay all postpetition taxes when due. The Debtor shall provide the Bankruptcy Administrator copies of its tax returns throughout the duration of this chapter 11 case at the time such returns are filed.

E.  Proof of Insurance: The Debtor shall maintain adequate insurance, including, as applicable, worker's compensation, general liability, property, fire, theft, and motor vehicle insurance, as well as such other insurance coverage normally and customarily used in the Debtor's business. The Debtor shall pay all postpetition premiums when due. Within 10 days of the Petition Date, the Debtor shall provide the Bankruptcy Administrator's Office proof of insurance coverage on all property of the estate, and the Debtor shall submit copies of complete policies within 30 days of the Petition Date. If notice of cancellation or of non-renewal is given on any such insurance policy before its expiration date, the Debtor shall notify the Bankruptcy Administrator's Office of the impending cancellation or non-renewal, by telephonic notice within 48 hours, and in writing within 5 days, of Debtor's first receipt of

such notice. The Debtor shall provide the Bankruptcy Administrator's Office with evidence of renewal of insurance policies prior to the expiration dates throughout the duration of the chapter 11 case, and the Debtor shall provide complete copies of such policies within 10 days of Debtor's receipt of same.

      F.    <u>Use of Estate Property</u>: The Debtor shall not transfer, sell, hypothecate, mortgage, pledge or encumber, or otherwise dispose of any property of the estate, other than in the ordinary course of business, without prior order of the Court. Except as permitted by 11 U.S.C. § 363 in the ordinary course of business, the Debtor shall not use estate property to pay prepetition debts, including claims of secured creditors and landlords, without prior order of the Court. To the extent that a secured creditor has a lien on cash or its equivalent in the Debtor's possession, the Debtor shall not use cash collateral as defined by 11 U.S.C. § 363 unless each entity that has an interest in such cash collateral consents or the Court, after notice and hearing, authorizes such use, sale, or lease in accordance with the provisions of 11 U.S.C. § 363.

      G.    <u>Compensation and Compensation Plans</u>: During the pendency of this chapter 11 case, the Debtor shall not increase employee compensation or modify plans of compensation without prior Order of this Court, after notice and hearing. Compensation and plans of compensation shall include, but shall not be limited to, salaries, hourly wages, benefits, commission structure, bonuses, deferred compensation plans, or other forms of compensation.

      H.    <u>Monthly Status Reports</u>: Pursuant to 11 U.S.C. §§ 1106 and 1107 and Rule 2015 of the Federal Rules of Bankruptcy Procedure, the Debtor shall prepare and file with the Court monthly written reports on the status of this chapter 11 case ("Monthly Status Report") in the form provided by the Bankruptcy Administrator. The first Monthly Status Report shall include the period between the Petition Date and the last date of that calendar month, unless such period is less than 10 days, in which case it may be included with the subsequent month. All subsequent reports shall be for the entire calendar month. Each Monthly Status Report shall be filed within 30 days following the end of the calendar month. The opening balances in the initial Monthly Status Report shall reflect the Debtor's financial condition as of the Petition Date. The Monthly Status Report must be dated and signed by the Debtor.

      Following confirmation of a plan, the Debtor shall prepare and file with the Court monthly written reports on the Debtor's progress toward substantial consummation of the plan ("Post-Confirmation Report") in the form provided by the Bankruptcy Administrator. The initial Post-Confirmation Report shall cover the period from the date of confirmation through the end of that calendar month.

      I.    <u>Quarterly Fees</u>: All chapter 11 cases are subject to a quarterly fee as provided by 28 U.S.C. § 1930(a)(6) for every quarter (including any fraction thereof) from the Petition Date through the date of an order dismissing, converting, or closing the case. The quarterly fee shall be payable on the last day of the calendar month following the calendar quarter for which the fee is owed. The Debtor is responsible for the prompt and full payment of these fees. The fee is set by 28 U.S.C. § 1930(a)(6) and is subject to periodic adjustment; the current fee schedule is set forth below. The fee is applicable to each case commenced under chapter

11 regardless of joint administration of two or more cases. Pursuant to 28 U.S.C. § 1930(a)(6), a minimum fee of $325.00 is due each quarter even if no disbursements are made during the quarter. All quarterly fees must be paid before a chapter 11 plan can be confirmed pursuant to 11 U.S.C. § 1129(a)(12).

**Quarterly Fee Schedule**

| **Disbursements per quarter** | **Quarterly fee** |
|---|---|
| Less than $15,000 | $325 |
| Total $15,000 to less than $75,000 | $650 |
| Total $75,000 to less than $150,000 | $975 |
| Total $150,000 to less than $225,000 | $1,625 |
| Total $225,000 to less than $300,000 | $1,950 |
| Total $300,000 to less than $1,000,000 | $4,875 |
| Total $1,000,000 or more | 1% of quarterly disbursements or $250,000, whichever is less |

Quarterly fee payments made by Debtor check will not be accepted. Attorney trust account checks, cashier's check, certified funds, or postal money orders will be accepted, made payable to the "Clerk, U.S. Bankruptcy Court." The Debtor's case number shall be written on the face of the payment document. Payments may be delivered to U.S. Bankruptcy Court, Western District of North Carolina, 401 W. Trade Street, Room 111, Charlotte, NC 28202. Payment also may be made via attorney credit card through CM-ECF. The Quarterly Fee Statement shall be filed with the Court prior to delivery of payment. Direct all questions regarding the Debtor's compliance with 28 U.S.C. § 1930 to the Office of the Bankruptcy Administrator.

Failure to pay the quarterly fee is cause for conversion or dismissal of the case pursuant to 11 U.S.C. § 1112(b)(4)(K). Filing a false report may result in civil liability pursuant to 31 U.S.C. § 3729(a) and criminal penalties pursuant to 18 U.S.C. § 1621.

J.    <u>Compliance with Law</u>: The operation of the Debtor's business shall comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules of Practice and Procedure.

Failure to comply with this Order may result in the dismissal of this case, its conversion to Chapter 7, or other appropriate action by the Court.

*This Order has been signed electronically.*            *United States Bankruptcy Court*
*The Judge's signature and Court's seal appear*
*at the top of the Order.*